CARRERO, PLAINTIFFS AND APPELLEES, *v.* DIEZ & PÉREZ, LTD., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez Under the Workmen's Relief Act.

No. 1953.—Decided May 31, 1919.

WORKMEN'S RELIEF—APPEAL—DECISION OF WORKMEN'S RELIEF COMMISSION.— The decisions of the Workmen's Relief Commission rendered in accordance with paragraph 5 of section 23 of the Workmen's Relief Act of 1916, as said section was amended by Act No. 9 of 1917, are not appealable, for according to paragraph 8 of section 12 of the act of 1916, appeals will be allowed from the decisions of the commission only to employers who have been assessed for premiums under the provisions of the act, and the first-mentioned decisions refer to employers who have failed to comply with· the provisions of the act in regard to the filing of reports and the payment of premiums.

ID.—ID.—ID.—CONSTITUTIONAL LAW.—Where an appeal is dismissed because the decision from which it was taken is not appealable, the constitutionality of the law which makes the decision unappealable cannot be considered in the same appeal.

The facts are stated in the opinion.

*Messrs. Francis & De Jesús* for the appellants.

*Messrs. Feliu & Alemañy* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Diez & Pérez, Ltd., from a judgment of the District Court of Mayagüez of October 30, 1918,

dismissing an appeal of the said firm from the resolution adopted by the Workmen's Relief Commission at its session of February 18, 1918, charging to Diez & Pérez the sum of $2,202 as an indemnity for the death of Félix Rivera, a workman.

The resolution of the Workmen's Relief Commission of February 18, 1918, reads as follows:

"Session No. 87.—February 18, 1918.—Félix Rivera. Case No. 2103.—The secretary laid before the Commission the record relating to the accident in the coffee factory of Diez & Pérez, of Añasco, P. R., including the report of the special agent of the Commission, the petition for indemnification and other data.—The petition was presented by Ursula Carrero in behalf of the acknowledged natural children of the deceased, Justa, Luciano and Braulio Rivera, designated as the lawful heirs of said Félix Rivera by the District Court of Mayagüez. The Commission have examined the affidavits presented and also the testimony of witnesses Tomás Rodríguez and Juan Ramírez to the effect that the said heirs were wholly dependent upon the deceased for their support. It was shown that the employers, Diez & Pérez, Ltd., at the time of the accident were within the provisions of the Workmen's Relief Act and had never rejected its benefits as provided for in section 23 thereof, nor filed with the Workmen's Relief Commission the statement referred to in section 16 of the act. Therefore, the Workmen's Relief Commission unanimously decided: That this is an accident of the kind provided for in subdivison 5 of section 23 of the Workmen's Relief Act, approved April 13, 1916, and amended April 12, 1917, and that the lawful heirs Justa, Luciano and Braulio Rivera are entitled to receive, and they are hereby assigned, an indemnity of $1,500 plus three-fourths of the weekly wages of the deceased workman (3.375) for 208 weeks ($702.00), making a total of $2,202, which sum, pursuant to subdivision 5 of section 23 of the act, is charged to the employers, Diez & Pérez, Ltd., of Añasco, P. R., and it is ordered that the Treasurer of Porto Rico be notified of this resolution for the corresponding purposes.—Attest: V. Laborde, Adm. Sec."

The said resolution was communicated to Diez & Pérez on March 9, 1918, with the information that the Treasurer of

Porto Rico had been notified of the Commission's decision and would duly advise them in the premises.

The notice of the Treasurer of Porto Rico reads as follows:

"Workmen's Relief Trust Fund.—San Juan, P. R., March 7, 1918.—Messrs. Diez & Pérez, Ltd., Añasco, P. R.—Gentlemen: You are hereby notified that in accordance with a resolution of the Workmen's Relief Commission dated February 18, 1918, and in compliance with the provisions of subdivision 5 of section 23 of the Workmen's Relief Act, as amended April 12, 1917, the sum of $2,202 has been charged to you as the total amount of the indemnity fixed by the Commission in favor of Justa, Luciano and Braulio Rivera, the lawful heirs of the workman Félix Rivera, who died as a result of an accident suffered by him while working in the coffee factory which you operate in that town.—According to the said act this sum of $2,202 is owed by you to the Workmen's Relief Trust Fund and should be paid within thirty days from to-day, that is, before April 6, 1918, to the financial receiving and stamp clerk of this Treasury Department.—You are requested to pay the said sum within the aforesaid time so as to avoid the accumulation of additional charges and forced collection, as provided for by the act.—Respectfully, José E. Benedicto, Treasurer.—N. B.: Payment must be made by cash, postal money-order or certified check."

On April 9, 1918, Diez & Pérez filed in the District Court of Mayagüez a notice of appeal from the decision of February 18, 1918, of the Workmen's Relief Commission, alleging that they never were employers of the workman Félix Rivera; that he was never an employee of the firm of Diez & Pérez; that the said firm had at no time after April 13, 1916, regularly employed five or more workmen; that the deceased Félix Rivera had never been a regular employee of Diez & Pérez; that the accident referred to is not one for which indemnity should be granted according to the Workmen's Relief Act of 1916, amended in April 1917; that Justa, Luciano and Braulio Rivera are not the lawful heirs of the deceased Félix Rivera and at the time of his death were not his legitimate or acknowledged natural children; that Justa,

Luciano and Braulio Rivera did not depend upon his wages for their support; that the said accident was not due to the fault or negligence of Diez & Pérez and was entirely fortuitous; that the procedure established by the act has not been followed in the prosecution of the case before the Workmen's Relief Commission; that the proceedings before the Workmen's Relief Commission and the Bureau of Labor have taken place without the intervention of Diez & Pérez; that the case has been decided against the said firm without its having been notified, summoned or heard in the proceedings.

The attorney for Ursula Carrero, as mother with *patria potestas* over her minor children Justa, Luciano and Braulio Rivera y Carrero, the lawful heirs of their father, Félix Rivera, moved that the appeal be dismissed, alleging that the appellant partnership is not entitled to an appeal from the decision of the Workmen's Relief Commission according to paragraph 8 of section 12 of the Workmen's Relief Act of April 13, 1916, and that the appeal was filed in the District Court of Mayagüez after the expiration of the time allowed therefor by section 12 of the said act.

That motion was heard and sustained on October 30, 1918, and the appeal taken by Diez & Pérez was consequently dismissed on the ground that it does not appear from the record that defendants Diez & Pérez were employers who had been assessed for premiums under the provisions of the act for the purposes of paragraph 8 of section 12 of the Workmen's Relief Act of 1916, and that, on the contrary, they were subject to the said act and had not rejected its benefits nor complied with its provisions in regard to the filing of reports and the payment of premiums as required by paragraph 5 of section 23 of the said act, as amended by Act No. 9 of 1917.

That judgment was appealed from by Diez & Pérez, counsel for whom assigns errors as follows:

*First.*—That the District Court of Mayagüez erred in dis-

missing the appeal, because such refusal to review the case would have the effect of depriving the defendants of their property without due process of law.

*Second.*—That the said court erred in dismissing the appeal because that ruling amounts to denying the equal protection of the laws to the said firm of Diez & Pérez.

The appellants do not allege that they come under the specific case of paragraph 8 of section 12 of the Workmen's Relief Act of April 13, 1916, on which the judge relied for denying them the right of appeal from the decision of the Workmen's Relief Commission of February 18, 1918.

Paragraph 8 of section 12 of the Workmen's Relief Act of 1916 provides as follows:

"Appeals from the decision of the Workman's Relief Commission shall be allowed to any employer who has been assessed for premiums under the provisions of this Act only from the decisions of the Workman's Relief Commission to the effect that the accident is one for which relief should be allowed under the provisions of this Act."

And the record does not show, as the judge correctly found in his judgment, that Diez & Pérez are employers who have been assessed for premiums in accordance with the provisions of Act No. 19 for the relief of workmen, approved April 13, 1916, and amended by Act No. 9 of April 12, 1917.

The said premium should have been assessed and collected at the rates established by section 13 of Act No. 19 of 1916, as amended by Act No. 9 of 1917, and for this purpose it was necessary that Diez & Pérez should have complied with the obligation imposed upon them by section 16 of Act No. 19, by filing with the Workmen's Relief Commission a statement showing the number of workmen employed and their wages, in the manner therein provided. This they did not do although they were subject to the provisions of the act and had not elected to reject its benefits by filing with the Workmen's Relief Commission a written statement to that effect,

pursuant to section 23 of the Act of 1916, as amended in 1917. Paragraph 5 of section 23 as amended reads as follows:

"In case any injury occurs to any workman of an employer who is subject to the law, and who has not rejected the benefits of the law as herein provided, and who has failed to comply with the provisions of the law in regard to the filing of reports and the payment of premiums, the Workman's Relief Commission is authorized to charge against such employer the amount of the relief authorized by the Commission to be paid such workman, and the Treasurer shall levy and assess such amount and shall collect it in the same manner as provided for the collection of premiums."

The Workmen's Relief Commission acted under the authorization conferred upon it by the paragraph quoted in adopting the resolution of February 18, 1918, which was appealed from to the District Court of Mayagüez.

From the decisions rendered in such circumstances no appeal is allowed by section 23, and such decisions cannot be considered as included among those which are appealable under paragraph 8 of section 12 which, as we have said, refers to employers who have been assessed for premiums under the provisions of the act.

And the effects of the decisions rendered by the Workmen's Relief Commission by virtue of the authorization conferred upon it by paragraph 5 of section 23 are different from those of the decisions referring to employers who have been assessed for premiums under the provisions of the act, for in the latter case the indemnity should be paid by the Treasurer of Porto Rico out of the Workmen's Relief Trust Fund created by section 1 of the act, while in the former case the Commission charges the amount of the indemnity to the employer and the Treasurer collects it directly from the employer in the manner provided for the collection of premiums.

As a result of the foregoing we find that the decision of the Workmen's Relief Commission of February 18, 1918, does not come within paragraph 8 of section 12 of the Work-

men's Relief Act and that, therefore, no appeal lies therefrom. And as the right of appeal is not a constitutional right, but a statutory privilege, no matter how far the refusal to grant such review might go to the appellant's damage, this court would not be authorized to confer upon him a right which the law does not give, this being a proper function of the legislature and not of the courts.

If the decision of the Workmen's Relief Commission of February 18, 1918, by which the firm of Diez & Pérez feel themselves aggrieved, can not be reviewed on appeal by the District Court of Mayagüez, there is no jurisdiction to consider in a clearly improper appeal whether or not the Workmen's Relief Act is unconstitutional for the reasons set up in the appeal. Its unconstitutionality may be urged and discussed in the corresponding proceeding.

For the foregoing reasons the judgment below must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.